IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TITLE LENDERS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 11-473-GPM |
| ) | |
| CITY OF COLLINSVILLE, ILLINOIS, ) et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the motion of Plaintiff Title Lenders, Inc. ("Title Lenders"), for remand of this case to state court for lack of federal subject matter jurisdiction (Doc. 11). Title Lenders is a company that is involved in the business of making so-called "payday loans," small, short-term, high-interest loans for which the lender requires a post-dated check that can be cashed after the borrower's next payday. *See Brown v. Payday Check Advance, Inc.*, 202 F.3d 987, 989 (7th Cir. 2000). Title Lenders operates "Mo Payday Loans," a payday loan business located at 502 Vandalia Street in Defendant City of Collinsville, Illinois ("the City"). After the 502 Vandalia Street location was condemned for road improvements by the Illinois Department of Transportation, Title Lenders applied to the City to relocate its business. The City denied the application, citing City Ordinance 3648, which places several restrictions on the location and number of payday loan businesses within the City. Title Lenders then filed suit in state court against the City, John Miller, the mayor of Collinsville, and Nancy Moss, Liz Dalton, Mike Tognarelli, and Jeff Kypta, who are members of the Collinsville City Council, to challenge the constitutionality of Ordinance 3648, seeking a declaratory judgment, injunction, and damages. The case now has been removed to this

Court as a case arising under the Constitution, laws, or treaties of the United States. Title Lenders has moved for remand of the case to state court for lack of subject matter jurisdiction. The motion has been fully briefed and the Court rules as follows.

As an initial matter, the Court notes the standard for removal of cases from state court to federal curt. Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In other words, "[a] defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction over the action." *Disher v. Citigroup Global Mkts. Inc.*, 419 F.3d 649, 653 (7th Cir. 2005), *vacated on other grounds*, 548 U.S. 901 (2006). The party seeking removal has the burden of establishing federal jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *Welch v. Norfolk S. Ry. Co.*, Civil No. 09-209-GPM, 2009 WL 2365596, at *1 (S.D. Ill. May 27, 2009). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Vogel v. Merck & Co.*, 476 F. Supp. 2d 996, 998 (S.D. Ill. 2007) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). Said differently, "there is a strong presumption in favor of remand." *Bourda v. Caliber Auto Transfer of St. Louis, Inc.*, Civil No. 09-519-GPM, 2009 WL 2356141, at *2 (S.D. Ill. July 31, 2009) (citing *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976)). *See also Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 WL 356408, at *1 (S.D. Ill. Mar. 9, 2000) ("The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand."). It is with these principles in mind that Title Lenders's remand motion must be evaluated.

The central issue before the Court is whether this case arises under federal law and thus is removable to federal court. In general, of course, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The usual test of whether an action arises under federal law for purposes of so-called "federal question" jurisdiction pursuant to Section 1331 is the "well-pleaded complaint" rule, which provides generally that a case arises under federal law within the meaning of the statute only when federal law appears on the face of a plaintiff's complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Bastien v. AT & T Wireless Servs., Inc.*, 205 F.3d 983, 986-87 (7th Cir. 2000). "[T]he paramount policies embodied in the well-pleaded complaint rule . . . [are] that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar*, 482 U.S. at 398-99. Importantly, the well-pleaded complaint rule requires generally that a complaint state a claim for relief under federal law. As Justice Holmes explained, "A suit arises under the law that creates the cause of action." *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916). *See also Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 909 (7th Cir. 2007). Restricting federal question jurisdiction to cases asserting claims for relief under federal law, in addition to preserving a plaintiff's right to choose his or her forum, also "severely limits the number of cases . . . that may be initiated in or removed to federal district court, thereby avoiding more-or-less automatically a number of potentially serious federal-state conflicts." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9-10 (1983). The policy underlying the well-pleaded complaint rule of protecting the proper balance of power as between federal and state courts dovetails with the policy favoring narrow construction of removal. "Because the effect of removal is to deprive the state court of an action properly before it,

removal raises significant federalism concerns, . . . which mandate strict construction of the removal statute." *Kuntz v. Illinois Cent. R.R. Co.*, 469 F. Supp. 2d 586, 590 (S.D. Ill. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995)) (brackets omitted).

In this case, Title Lenders's cause of action clearly arises under federal law. Title Lenders alleges deprivations of its constitutional rights by Defendants. Although Title Lenders does not specify the federal statute under which it brings suit, the Court deduces that it is 42 U.S.C. § 1983, which creates a private civil remedy for damages for deprivations of constitutional rights by persons acting under color of state law. *See Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994)) ("Title 42 U.S.C. § 1983 creates a federal cause of action for 'the deprivation, under color of state law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States.'") (brackets omitted); *Vasquez v. Hernandez*, 60 F.3d 325, 328 (7th Cir. 1995) ("Relief under section 1983 is available to a plaintiff who can demonstrate that a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured either by the Constitution or by federal law."); *Kernats v. O'Sullivan*, 35 F.3d 1171, 1175 (7th Cir.1994) (quoting *Christian v. Belcher*, 888 F.2d 410, 414 (6th Cir. 1989)) ("Before a defendant may be held liable under 42 U.S.C. § 1983, that defendant must first *possess* power by virtue of state law, then *misuse* that power in a way that violates federal constitutional rights.") (brackets omitted) (emphasis in original). Section 1983 is the exclusive federal remedy for a violation of a person's constitutional rights by a state actor. *See Maxwell v. Village of Sauget, Ill.*, No. 06–451–GPM, 2007 WL 420195, at *2 n.1 (S.D. Ill. Feb. 5, 2007) (collecting cases). Here Title Lenders alleges that Defendants' refusal to permit a relocation of Title Lenders's business in Collinsville amounts to a taking of property without just compensation,

in violation of the due process clause of the Fifth Amendment and the Fourteenth Amendment, as well as a violation of the equal protection clause of the Fourteenth Amendment, all of which are claims arising under federal law.[1]  Accordingly, the Court has jurisdiction in this case pursuant to 28 U.S.C. § 1331.

To conclude, the Court finds that it has federal subject matter jurisdiction in this case, and Title Lenders's motion for remand (Doc. 11) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  September 15, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

1.   In general, of course, the Fifth Amendment's due process clause applies to action taken by federal actors, not state actors.  *See Gonzalez v. City of Chicago*, 888 F. Supp. 887, 890 (N.D. Ill. 1995); *LaBoy v. Zuley*, 747 F. Supp. 1284, 1286 (N.D. Ill. 1990).  To the extent Title Lenders alleges violations of state law by Defendants, such claims are within the Court's supplemental jurisdiction.  *See* 28 U.S.C. § 1367.  The Court expresses no opinion at this time about whether Title Lenders's claims are subject to the unique ripeness doctrine set out in *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985).